WESTERN READY MIX CONCRETE COMPANY, a corporation, Plaintiff and Respondent,

v.

Richard RODRIGUEZ, Jeance C. LeCheminant, and Edgar Kelley, Defendants and Appellant.

No. 14811.

Supreme Court of Utah.

Aug. 5, 1977.

---

Homer J. Wilkinson, Salt Lake City, for defendants and appellant.

E. H. Fankhauser, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This appeal is from a judgment of foreclosure of a materialman's lien on the home of Mr. Kelley. The facts are rather simple, and so far as necessary to the determination of this appeal, are not in dispute.

▪ Mr. Kelley engaged Mr. Rodriguez as a contractor to make repairs to his home in an amount in excess of $500 but did not require that a bond be furnished pursuant to the provisions of Title 14, Chapter 2, Utah Code Annotated, 1953. He thus, pursuant to the statute, became personally liable to materialmen for supplies furnished to the contractor used in the repairs to his home but not paid for, unless excused by the application of another statute.

Mr. Rodriguez bought cement from the plaintiff and used it in his work on the Kelley property. Kelley paid Rodriguez and Rodriguez paid plaintiff; however, the plaintiff credited the payment to a debt owing by Rodriguez for cement used on another job. That was done because the plaintiff engaged in the standard business practice of first in-first out—that of applying payments received from Rodriguez to the oldest item that was then due and unpaid.

The trial judge applied the law as set out above and gave judgment to the plaintiff even though Rodriguez testified clearly that when he paid $600 to plaintiff's agent, he told him that it was to be applied to the Kelley job. Of course, the trial court was not obligated to believe Mr. Rodriguez and apparently it did not do so. (The judge stated that the testimony of Mr. Rodriguez did not "jibe" with some exhibits in evidence.)

▪ We have another statute[1] which reads as follows:

*Any owner* or contractor *in making any payment to a* materialman, *contractor,* or subcontractor *with whom he has* a running account, or with whom he has *more than one contract,* or to whom he is otherwise indebted, *shall designate the contract under which the payment is made*

1. 58–23–14.5, U.C.A.1953 as amended.

*or the items of account to which it is to be applied.*

*When a payment for materials or labor is made to a* subcontractor, *or material-man, such* subcontractor *or materialman shall demand of the person making such payment a designation of the account and the items of account to which such payment is to apply. In any case where a lien is claimed for materials furnished or labor performed by a subcontractor or materialman, it shall be a defense to such claim that a payment made, by the owner to the contractor for such materials has been so designated, and paid over to such* subcontractor *or materialman, and that when such payment was received by such* subcontractor *or materialman he did not demand a designation of the account and of the items of account to which such payment was to be applied.* [Emphasis added.]

The statute set out is plain and the meaning is clear. If an owner has more than one property being improved by the same contractor, he must designate which property is to be credited when he makes a payment to the contractor. Unless the owner has more than one job being handled by the contractor, there is no reason for him to make any designation. When a contractor has an account with a materialman, which includes material furnished to jobs other than that of an owner who pays the contractor, the statute requires the materialman to make inquiry as to the job to be credited for any money paid by the contractor. And unless he does so, he loses his right to claim a second payment from the owner if he credits the money to some other person's account.

The statute set out above was enacted to prevent the very thing that is involved in the instant case. It is a defense against the provisions of the old law [2] and prevents a miscarriage of justice.

Even if Rodriguez did not tell the plaintiff that the money was for the Kelley job, it was the duty of plaintiff to demand to be told where the credit should go because it knew that its account with Rodriguez involved jobs other than the one for Mr. Kelley.

The judgment is reversed, and costs are awarded to the appellant.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

---

2. Title 14, Chapter 2, U.C.A.1953 as amended.